_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00547-FWS-ADS                          Date: April 22, 2024
Title: Level 3 Audio Visual LLC v. The Charter Oak Fire Insurance Company *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

     Jurisdiction in this removal action is alleged on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. However, it appears the court may lack subject matter jurisdiction because the Complaint may not adequately allege the citizenship of all artificial entities. (*See* Dkt. 1.)

     Diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). In the case of a partnership, limited liability company, or other unincorporated association, the court must consider the citizenship of each of the partners, including limited partners, or members. The citizenship of each of the entity's partners or members must therefore be alleged. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Where a party is joined as a corporation, the complaint must allege both its respective state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012).

     The court finds the Complaint in this case does not adequately allege the citizenships of all parties for diversity jurisdiction purposes. Plaintiff Level 3 Audio Visual LLC is alleged to be an Arizona limited liability company with its principal place in Delaware, (Dkt. 1 ¶ 8 & *id.*,

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00547-FWS-ADS                                    Date: April 22, 2024
Title: Level 3 Audio Visual LLC v. The Charter Oak Fire Insurance Company *et al.*

___

Exh. A ¶ 1), but the citizenships of its members are not clearly alleged.  Accordingly, complete diversity of the parties is inadequately alleged.  *See Johnson*, 437 F.3d at 899.

      Accordingly, the court **ORDERS** Defendants The Charter Oak Fire Insurance Company and Travelers Property Casualty Company of America to show cause, in writing, no later than **May 7, 2024**, why this action should not be dismissed without prejudice for lack of subject matter jurisdiction.  Failure to respond by the above date will result in the court dismissing this action without prejudice.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citation omitted); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").